PORTER (CENTENNIAL CATALOGUE CO. v.). See Case No. 2,546.

PORTER v. The FRIENDSHIP. See Case No. 10,783.

PORTER (GEORGETOWN v.). See Case No. 5,346.

PORTER (HOFFMAN v.). See Case No. 6,577.

PORTER (JACKSON v.). See Case No. 7,143.

PORTER (JASPER v.). See Case No. 7,229.

PORTER (JENKINS v.). See Case No. 7,274.

## Case No. 11,287.
### PORTER v. MARSTELLER.
[1 Cranch, C. C. 129.] [1]

Circuit Court, District of Columbia. June Term, 1803.

OFFICE JUDGMENT—MOTION TO SET ASIDE.

On motion to set aside an office judgment upon an injunction bond, the court will not suffer the defendant to plead that the obligee was dead at the time of the execution of the bond.

Motion to set aside office judgment, and file certain pleas, in an action of debt for the penalty of an injunction bond. All the pleas were admitted except the second, which was that the obligee was dead before the execution of the bond, and so the bond void. This plea was refused, on the ground that the obligor had received the full benefit of his injunction upon the bond, and ought not now to be permitted, ex gratia, to avoid it by such a plea.

## Case No. 11,288.
### PORTER v. RAPINE.
[2 Cranch, C. C. 47.] [1]

Circuit Court, District of Columbia. June Term, 1812.

JUSTICE OF THE PEACE—JURISDICTION — AMOUNT.

A creditor may give a credit upon his account so as to give jurisdiction to a justice of the peace.

Appeal from a justice of the peace. Rapine had a demand on Porter for $26.85. He gave credit for $6.85 and warranted Porter for $20, and obtained judgment for $20 and costs. Porter appealed and contended that Rapine had no right to release part of the debt so as to give jurisdiction to a justice of the peace. It did not appear that he objected to the credit before the justice.

THE COURT (FITZHUGH, Circuit Judge, absent) affirmed the judgment.

[2] [From 6 Ins. Law J. 928.]

[1] [Reported by Hon. William Cranch, Chief Judge.]